■ In the Matter of the Estate of John T. Patterson, Deceased. John W. Patterson, as Administrator of the Estate of John T. Patterson, Deceased, Appellant; Russell Brewer et al., Respondents.— In a proceeding *inter alia* to determine the interest, if any, of the estate of a decedent in the assets of a partnership, the administrator of the estate appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Orange County, entered September 8, 1965, as determined that the estate has no interest in the partnership and that two named sons of the decedent are each entitled to one half of the interest therein held by the decedent at the time of his death. Decree modified, on the law, by striking out the first and last decretal paragraphs and by providing in lieu thereof that the decedent's interest as of the date of his death is an asset of his estate in which Charles N. Patterson and Gerald R. Patterson have no interest by reason of the partnership agreement, and that the administrator is entitled to an accounting of the assets of the partnership from respondent Russell Brewer, the partnership's sole surviving partner. As so modified, decree affirmed insofar as appealed from, without costs. No questions of fact were considered. The pertinent provision in the agreement did not effectuate a vested present gift. It represented an attempt to make an informal will as to the partnership interest. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ In the Matter of the Incorporated Village of Garden City, Respondent, Relative to Acquiring Title to Real Property for Parking Field. Ruth McKay, Appellant.— In a proceeding to acquire real property for a public use and to assess real property benefited by the improvement, under article 14 of the Village Law, claimant Ruth McKay appeals from so much of a final decree of the Supreme Court, Nassau County, entered May 14, 1965, as overruled her objections and levied a final assessment against her as owner of one of the assessment parcels. Decree reversed insofar as appealed from, on the law, with costs, and proceeding remitted to the Special Term for hearing and determination consistent with the memorandum herewith. No questions of fact have been considered. Appellant's answer attempted to raise the issue as to the validity and legality of the Village Board of Trustees' inclusion of her parcel, Assessment Parcel A-1, within the area of special benefit. It was struck out on the authority of section 280 of the Village Law. That section bars complaints with respect to inclusion within an assessment area unless made within 15 days after the filing of the apportionment and the assessment map. However, section 280 and its time-bar have no application in a proceeding brought under article 14 of the Village Law to acquire property for a public use. Sections 314 and 315 apply in such case and they contain no time limitation with respect to raising the issue concerning the board's inclusion of property within the assessment area. We are of the opinion in view of those sections that this proceeding is the best place to determine the issues raised by the answer; and, since they are not time-barred, we remit for that purpose only. In view of this holding, we do not reach determination of the constitutionality of subdivision 18-b of section 89 of the Village Law, as amended. We agree with the learned Justice below that that issue is in any event premature. Christ, Acting P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.